**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5154**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

APOLINAR  SANTIAGO-ALBARRAN,  a/k/a  Apolinar  Santiago-
Lavarran,

             Defendant – Appellant.

Appeal  from  the  United  States  District  Court  for  the  Middle
District  of  North  Carolina,  at  Greensboro.    Thomas  David
Schroeder, District Judge.  (1:09-cr-00410-TDS-1)

Submitted: May 10, 2011              Decided: June 1, 2011

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis  C.  Allen,  III,  Federal  Public  Defender,  Mireille  P.
Clough,  Assistant  Federal  Public  Defender,  Winston-Salem,  North
Carolina,  for  Appellant.    Michael  Francis  Joseph,  Terry  Michael
Meinecke,  Assistant  United  States  Attorneys,  Greensboro,  North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Apolinar Santiago-Albarran appeals his sentence of 84 months in prison after he pled guilty to possession with intent to distribute 51.6 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). Santiago-Albarran's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, there are no meritorious grounds for appeal, but raising the issue of whether the district court imposed an unreasonable term of imprisonment. Santiago-Albarran was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On

2

appeal, we presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the judge decides simply to apply the Guidelines, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when it imposes

3

a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Santiago-Albarran's sentence is procedurally and substantively reasonable, and the district court did not abuse its discretion in sentencing him to 84 months in prison. The district court properly determined his Guidelines range was 21 to 27 months for the drug charge, plus a consecutive 60-month term on the firearm charge. After hearing from the parties, the district court considered relevant § 3553(a) factors, reasonably determined a sentence in the middle of the Guidelines range on the drug charge was appropriate, and adequately explained its decision.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED